## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| 1. | **STEVEN D. MOATES,** | ) | |
| | | ) | |
| | **Plaintiff,** | ) | |
| **v.** | | ) | **CIV-16-999-C** |
| | | ) | |
| 1. | **HITACHI COMPUTER PRODUCTS** | ) | |
| | **(AMERICA), INC.,** | ) | |
| | | ) | **JURY TRIAL DEMANDED** |
| | **Defendant.** | ) | **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Steven D. Moates, and for his Complaint against the Defendant alleges and states as follows:

## PARTIES

1.      Plaintiff, Steven D. Moates, is an adult male resident of Tarrant County, Texas, formerly of Cleveland County, Oklahoma.

2.      Defendant Hitachi Computer Products (America), Inc. ("HICAM") is a corporation doing business in and around Cleveland County, Oklahoma.

## JURISDICTION AND VENUE

3.      This is a cause of action arising out of Plaintiff's former employment with Defendant and is based on the following claims: (a) retaliation for opposing unlawful discrimination and retaliation in the workplace in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); (b) interference with and retaliation for use of medical leave protected by the Family Medical Leave Act ("FMLA"); (c) ERISA violations; and (d) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA").

4.      Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331.

1

5.     Plaintiff has exhausted his administrative remedies as to the above-listed claims by timely filing with the Equal Employment Opportunity Commission ("EEOC") on or about September 28, 2015.  Plaintiff received his Dismissal and Notice of Rights letter from the EEOC dated on or about June 2, 2016, which Plaintiff received by mail thereafter and has timely filed this action within ninety (90) days of receipt of his notice of right to sue.

6.     Defendant is located in Cleveland County and all acts complained of occurred in or around Cleveland County.  Cleveland County is located within the Western District of the United States District Court of Oklahoma.  Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

7.     Plaintiff began his employment with Defendant as the Health and Safety Coordinator on or about February 16, 2010.  Within a year, Plaintiff was promoted to Health and Safety Manager.  In or around July 2014, Plaintiff was promoted to Employee Relations Manager.  In this role, Plaintiff reported to Vice President of Human Resources and Information Technology Gary Riggs.

8.     Throughout Plaintiff's employment, his job performance was at least satisfactory, if not excellent.  Plaintiff received no discipline while employed with Defendant.  And, Plaintiff was issued positive performance evaluations and bonuses throughout his employment.

9.     Despite his good performance, on or about January 29, 2015, Plaintiff was terminated by Riggs.

10.     Riggs' alleged reason for termination was that Plaintiff had disclosed confidential information regarding an employee, was insubordinate, and failed to complete an assigned task.  However, such reason was false.  Plaintiff performed all tasks assigned to

2

him and did not refuse to complete any task given to him.

11.    Moreover, Plaintiff did not disclose confidential information at any time. Particularly, Riggs alleged that Plaintiff disclosed confidential information back in November 2014 when he discussed a finance department employee's garnishment with an accountant. However, the accountant was aware of the garnishment before the discussion with Plaintiff. In fact, the accountant told Plaintiff that the garnishee had already informed her entire team about the garnishment.  And, such garnishment filings are a matter of public record and thus, are not confidential information.

12.    The proffered reason for termination was merely pretext for unlawful retaliation, interference and retaliation with Plaintiff's FMLA rights, interference with Plaintiff's ERISA rights, and Plaintiff's age.

13.    More particularly, Plaintiff used approximately two (2) weeks FMLA in or around August 2012 while hospitalized for potential pneumonia.   While hospitalized, Plaintiff was diagnosed with renal failure due to underdeveloped kidneys and advised that he would need a kidney transplant.

14.    Thereafter, Plaintiff applied for FMLA leave to have open heart surgery, which was required for Plaintiff to have the kidney transplant.  Plaintiff's request was granted, and Plaintiff was off work beginning on or about October 16, 2012.  After approximately three (3) weeks of recovery from the surgery, Plaintiff told his doctor that he felt well enough to return to work.   Thus, Plaintiff was released back to work on light duty on or about November 7, 2012.

15.    Following his return to work, Plaintiff was required to undergo dialysis until his kidney transplant surgery.  Thus, Plaintiff periodically left work approximately thirty (30) minutes early three (3) days a week for dialysis.  Plaintiff worked additional hours during the

week to make up for this time.

16.     Plaintiff had kidney transplant surgery in or around January 2014.  He was on FMLA leave until on or about April 1, 2014.  Thereafter, Plaintiff required routine follow up doctor's appointments twice a month, which were approved FMLA intermittent leave. In addition, Plaintiff required immune-suppression medication due to the transplant.

17.     Riggs was aware of Plaintiff's FMLA leave and reasons for such leave.  In fact, Riggs insisted that Plaintiff be available to respond to work-related phone calls and emails while Plaintiff was out recovering from transplant surgery.   Consequently, Plaintiff responded to emails immediately following his transplant surgery in or around January 2014.

18.     Plaintiff used FMLA-qualifying leave to attend a follow-up doctor's appointment within three (3) months of his termination.

19.     Upon information and belief, the timing of Plaintiff's termination was further motivated by Riggs' desire to terminate Plaintiff's medical benefits before the end of the month.  By doing so, Plaintiff was deprived of medical coverage for his follow-up doctors' appointments and life-saving immune-suppression medication, which he is required to take for the rest of his life.

20.     In addition, Plaintiff's termination occurred in short temporal proximity to his opposition to an employee termination which Plaintiff believed violated Title VII. Particularly, in or around January 2015, Plaintiff was approached by Customer Service Supervisor Russell Rutledge and Director of Quality Assurance Joe Soliz seeking to terminate Christine Perriott, a temporary employee for Defendant.  At that time, Plaintiff was aware that Perriott had recently lodged a sexual harassment and gender discrimination complaint regarding two other male employees. Rutledge further indicated he was concerned that Perriott had previously filed a lawsuit against a former employer, and did not want

4

Perriott to sue Defendant (following her sexual harassment and gender discrimination complaint). Concerned that the desire to terminate Perriott was retaliatory, Plaintiff spoke to Riggs regarding Rutledge and Soliz's inquiry. Riggs told Plaintiff to contact Defendant's legal counsel regarding the issue.

21. After speaking with legal counsel, Plaintiff reported back to Riggs his (Plaintiff's) concern that Perriott's termination was retaliatory. However, Riggs told Plaintiff to notify Rutledge and Soliz that they could proceed forward with Perriott's termination.

22. Plaintiff was then terminated on or about January 27, 2015, approximately two (2) weeks after Plaintiff refused to support Perriott's retaliatory termination.

23. As a direct and proximate result of Defendant's actions, Plaintiff has suffered injuries as described below.

### COUNT I: Title VII (Retaliation)

For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

24. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of retaliation for opposing unlawful employment practices.

25. Particularly, Plaintiff is entitled to relief under Title VII for retaliation because Plaintiff engaged in protected opposition to the termination of an employee in retaliation for her gender and sexual harassment complaint; Plaintiff suffered adverse actions subsequent to the protected activity; and a causal link exists (based on *inter alia* the timing of the events) between the protected activity and adverse actions.

26. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages.

27. Because the actions of Defendant were willful, wanton or, at least, in reckless

disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT II - FMLA

For his second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

28.    The matters alleged above constitute interference with and retaliation for Plaintiff's use or attempted use of medical leave in violation of the Family and Medical Leave Act ("FMLA").

29.    Plaintiff was entitled to medical leave because he worked for Defendant, an entity with more than 50 employees within a 75 mile radius of Plaintiff's work site, for more than one (1) year and for more than 1,250 hours within the one year prior to his need for leave.

30.    Plaintiff suffered from a serious health condition (i.e., renal failure, organ transplant recipient), requiring continued medical treatment by a health care provider.

31.    Defendant interfered with Plaintiff's rights under the FMLA by requiring Plaintiff to perform work while he was on continuous FMLA leave and by terminating Plaintiff while he was on intermittent FMLA leave, *inter alia*.

32.    Defendant retaliated against Plaintiff for his use of FMLA leave by terminating him.  Defendant's actions were taken in response to Plaintiff's exercise of rights under the FMLA.

33.    As set forth herein, Defendant's actions were in willful violation of the law. Defendant was aware of the FMLA and the requirements contained therein, but willfully violated Plaintiff's FMLA rights.

34.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered injuries and is entitled to recover of all damages, including, but not limited to, lost income,

past and future, liquidated damages, based on the willfulness of Defendant's violation of the FMLA, attorneys' fees and costs.

## COUNT III - ERISA

For his third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

35.     The matters alleged above constitute interference with Plaintiff's rights protected by ERISA.

36.     More particularly, Plaintiff is entitled to relief because Defendant engaged in prohibited conduct (termination) taken for the purpose of interfering with his attainment of an ERISA-protected right and in retaliation for Plaintiff's use of ERISA-benefits preceding his termination.

37.     As damages, Plaintiff seeks all damages available under federal law, including but not limited to reinstatement, back pay, front pay, and attorneys fees.

## COUNT IV - Age

For his fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

38.     The matters alleged above constitute violations of the ADEA in the form of age discrimination.

39.     Plaintiff is entitled to relief under the ADEA because, at all relevant times to this action, Plaintiff was over the age of forty (40); he was qualified for his job; he was terminated and his position was not eliminated.

40.     As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.  Plaintiff is also entitled to liquidated damages based upon Defendant's willful conduct in violating the

ADEA.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of the Plaintiff and against Defendant and award compensatory damages, punitive damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

Respectfully submitted this <u>30th</u> day of August, 2016.

s/ Jana B. Leonard
**JANA B. LEONARD, OBA # 17844**
**LAUREN W. JOHNSTON, OBA # 22341**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. Walker**
**Oklahoma City, Oklahoma 73139**
**(405) 239-3800 (telephone)**
**(405) 239-3801 (facsimile)**
**leonardjb@leonardlaw.net**
**johnstonlw@leonardlaw.net**

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**

8